Edward S. McGlone III, OSB No. 82331
Kathleen Hansa Rastetter, OSB No. 93114
Clackamas County Counsel
2051 Kaen Road
Oregon City, Or 97045-1819
Telephone: 503-655-8362
Fax: 503-742-5397
e-mail: Edwardmcg@co.clackamas.or.us
Kathleenras@co.clackamas.or.us
OF ATTORNEYS FOR DEFENDANTS MORRIS,
NICCARATO AND CLACKAMAS COUNTY

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RONALD N. McKAY**<br><br>Plaintiff,<br><br>v.<br><br>**BRYAN MORRIS, JOHN NACCARATO**,<br>**JOHN DOE I**, **JOHN DOE II** and<br>**CLACKAMAS COUNTY**,<br><br>Defendants | Case No. CV 08-1224 ST<br><br>ANSWER OF DEFENDANTS MORRIS,<br>NICCARATO AND CLACKAMAS COUNTY |

Comes now defendants Morris, Naccarato and Clackamas County ("Defendants") and

by way of answer admit, deny and allege as follows:

1.

Admit subject matter jurisdiction and that venue is proper in this court.

2.

Admit paragraphs 2.1-2.3 and paragraph 2.6.

3.

Deny paragraphs 2.4 and 2.5 as they are without sufficient knowledge to form a

reasonable belief as to the truth of those allegations.

Page 1  - ANSWER OF DEFENDANTS MORRIS, NICCARATO AND CLACKAMAS

4.

By way of answer to paragraphs 3.1-3.3, defendants admit that on or about the date specified in the complaint Clackamas County 911 received a report of a potential drunk driver who had run out of gas.  Deputy Morris was assigned to investigate that report.  From the 911 call, other information he developed and his own observations, Deputy Morris developed reasonable cause to believe that the suspect was driving a Black Cobra sports car.  Spotting such a car at a near by gas station he approached and spoke to plaintiff, the apparent driver of the car being refueled.  While plaintiff denied drinking, Deputy Morris made other observations that provided a reasonable basis to doubt that denial.  Concerned that plaintiff may be under the influence of intoxicants, but having never actually seen plaintiff driving the car, he warned plaintiff that if he choose to drive he would be followed so Deputy Morris could gage his ability to drive.  Defendants further admit defendant Naccarato was also at the gas station during some or all of this time.  Except as so admitted defendants deny all allegations of said paragraphs.

5.

By way of answer to paragraphs 3.4-3.5 defendants admit that while following plaintiff, Deputy Morris made multiple observations of plaintiffs driving which, along with the information already known to him, provided a constitutional basis to stop and/or arrest plaintiff.  Deputy Morris signaled plaintiff to pull over and plaintiff complied. Except as so admitted defendants deny all allegations of said paragraphs.

Page 2  - ANSWER OF DEFENDANTS MORRIS, NICCARATO AND CLACKAMAS

6.

By way of answer to paragraphs 3.6-3.9 defendants admit that in the course of the stop Deputy Morris made additional observations which further supported his belief that plaintiff had been driving while intoxicated.  Believing probable cause existed, Deputy Morris arrested plaintiff.  He also cited plaintiff for other traffic offences.  Plaintiff was handcuffed and a pat down search conducted after which plaintiff was transported to the Clackamas County Jail.  Deputy Morris arranged the towing of plaintiffs car as provided by law.  He was joined on the scene by additional deputies who assisted with a lawful inventory search of the car prior to its towing.   Except as so admitted defendants deny all allegations of said paragraphs.

6.

By way of answer to paragraphs 3.95 defendants admit that the District Attorney did not prosecute the driving under the influence change and that the traffic violations listed in that paragraph were eventually dismissed but dispute that they were all dismissed at trial upon a finding of not guilty.

7.

Except as expressly admitted above, defendants deny each and every allegation of plaintiff's complaint in there entirety.

FOR A FIRST AFFIRMATIVE DEFENSE, Defendants allege.

8.

Plaintiffs own actions were the direct and intervening cause of the damages alleged in his complaint.

CLACKAMAS COUNTY COUNSEL
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397

FOR A SECOND AFFIRMATIVE DEFENSE, Defendants allege:

9.

The court lacks personal jurisdiction over the individual defendants as plaintiff has failed to properly serve them with summons and complaint.

FOR A THIRD AFFIRMATIVE DEFENSE, Defendants allege:

10.

Plaintiff has failed to commence this action within the time allowed by law.

FOR A FOURTH AFFIRMATIVE DEFENSE, Defendants allege:

11.

Clackamas County has no unconstitutional policy and no policy of Clackamas County deprived plaintiff of any constitutionally protected right or interest.

FOR A FIFTH AFFIRMATIVE DEFENSE, Defendants allege:

12.

The individual defendants are entitled to qualified immunity against plaintiffs claims under 42 USC § 1983 because their actions did not violate any clearly established constitutional rights of plaintiff.

FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants allege:

13.

All actions taken by defendants were privileged and authorized under the law.

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397

WHEREFORE, Defendants pray for judgment in their favor and against the

plaintiff, and for their costs and attorney fees incurred in defending this action.

Dated this12th day of November, 2008.

CLACKAMAS COUNTY COUNSEL


/s/ Edward S. McGlone III
Edward S. McGlone III, OSB No. 82331
Assistant County Counsel
OF ATTORNEYS FOR DEFENDANTS
MORRIS NICCARATO AND COUNTY