IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD N. MCKAY,

        Plaintiff,                      CV-08-1224-ST

       v.                                OPINION AND ORDER

OFFICER BRYAN MORRIS; SGT. JOHN
NACCARATO; and CLACKAMAS COUNTY
SHERIFF'S OFFICE,

        Defendants.

STEWART, Magistrate Judge:

       Defendants move for an order compelling plaintiff to provide responses to a number of discovery requests (docket #15). This motion is GRANTED in part and DENIED in part as follows:

**Interrogatories**:

       Defendants assert that plaintiff failed to file responses to three interrogatories. Plaintiff submitted his responses to defendants' interrogatories the same day that defendants filed this motion. Thus, the motion as to interrogatories is denied as moot.

1 - OPINION AND ORDER

**Request for Documents No. 2:**

Request No. 2 seeks documents identifying "any person who can testify about the injuries or damages claimed by plaintiff or to the impact these injuries had on plaintiff." Plaintiff responds that he, his attorney, and defendants are the only persons with personal knowledge of the events giving rise to his claim. This response is complete. Thus, the motion as to Request No. 2 is denied.

**Request for Documents No. 4:**

Request No. 4 seeks "[a]ll documents, tape recordings, photographs or other materials relating to the hearing held regarding the citations issued to plaintiff on or about October 10/20/06 [*sic*], including all materials relied on by plaintiff at that hearing." Plaintiff responds that he has produced a recording of both his May 2007 traffic trial and DMV license suspension hearing regarding his arrest for driving while intoxicated. He has also produced the photographs used in the DMV hearing. Plaintiff does not indicate whether he has produced the documents, photographs, and other materials he produced at his traffic trial. To the extent that he has not, defendants' motion as to Request No. 4 is granted.

**Request for Documents No. 6**:

Request No. 6 seeks "[a]ll documents relating to plaintiffs' [*sic*] claims for damages." Plaintiff objects on the grounds that the documents are not identified with sufficient particularity and that this request seeks material protected by the attorney-client privilege. Defendants respond that they cannot anticipate the form that plaintiff's documents relating to damages will take, and thus cannot identify the documents with particularity.

2 - OPINION AND ORDER

FRCP 34(b)(1) requires document requests to "describe with reasonable particularity each item or category of items to be inspected." "What is reasonably particular is dependent upon the facts and circumstances in each case." *Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 FRD 348, 353 (SDNY 1973). "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.' " *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 FRD 193, 202 (ND WVa 2000) (footnote omitted). "[A] discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.'" *Regan-Touhy v. Walgreen Co.*, 526 F3d 641, 649-50 (10th Cir 2008) (ellipsis in original), quoting Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415.

Defendants' request is overly broad. It does not attempt to specify what types of documents defendants seek and fails to provide any basis for this court to conclude that a response to this request is complete. Thus, the motion as to Request No. 6 is denied.

**Request for Production No. 9**:

Request No. 9 seeks "[a]ll documents identifying persons or entities that provided health care or mental health services to plaintiff on any occasion during the period starting 5 years prior to the incident alleged in the complaint and continuing through the conclusions of this lawsuit." Defendants claim they are entitled to these documents for several reasons. First, they seek any evidence that plaintiff was injured in the alleged assault. Second, they anticipate that plaintiff will claim that his allegedly wrongful arrest for driving while intoxicated was due to a pre-

existing medical condition. Third, plaintiff claims emotional distress damages arising out of his allegedly unlawful arrest and assault which places his mental condition directly in issue.

As plaintiff correctly notes, Request No. 9 does not request all medical records, but only requests documents identifying his health care or mental health providers. In any event, plaintiff responds that he has not sought any mental health or medical care for injuries incurred as a result of his arrest and has not seen a mental health care professional during the five-year period before his arrest. He disputes the relevance of information pertaining to his other medical care for the past five years.

Plaintiff has placed his mental health at issue by claiming damages for emotional distress. *See Gonzales v. Marks*, Civil No. 07-949, 2009 WL 179779 (ED Cal Jan. 26, 2009). Moreover, defendants are entitled to any evidence on which plaintiff intends to rely to prove that Officer Morris lacked probable cause to believe plaintiff was intoxicated at the time of the arrest. This includes any evidence that plaintiff suffers from a condition which may make him appear intoxicated when he is not. Thus, defendants' motion as to Request No. 9 is granted with respect to the requested documents concerning all medical providers for any medical and mental health condition on which plaintiff intends to rely as evidence that the arrest was not supported by probable cause.

If defendants seek all medical records evidencing these medical and mental health conditions, then they need to issue an appropriate request for production. In addition, counsel are reminded of the requirements of the Health Insurance Portability and Accountability Act ("HIPAA") that medical records be produced pursuant to an appropriate protective order. *See* 45 CFR § 164.512(e).

**Request for Production No. 12:**

Request No. 12 seeks "[a]ll documents created by plaintiff regarding the events alleged in the complaint or the damages claimed as a result." Plaintiff objects on the ground that all such documents are protected by the attorney-client privilege or consist of attorney work-product.

A party objecting to discovery on the basis of the work-product doctrine or attorney-client privilege which is "otherwise discoverable" must "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner which, without revealing the protected information, "will enable other parties to assess the claim." FRCP 26(b)(5). Plaintiff responds that the only documents he created are notes and correspondence to his attorney. Such documents are clearly attorney-client privileged and not discoverable. Therefore, the motion as to Request No. 12 is denied.

**Request for Production No. 17:**

Request No. 17 seeks a "privilege log for all documents responsive to these requests which you do not produce due to a claim of privilege." Pursuant to FRCP 26(b)(5), defendants are entitled to a privilege log. However, plaintiff responds that a privilege log is pointless when the only documents withheld from production are notes and correspondence between plaintiff and his attorney. Plaintiff's counsel confesses that he "ha[s] not maintained a privilege log for each time that I write a letter to my client or for the times that he writes or calls me." Slominski Decl. (docket #20), p. 2.

Given that the only documents being withheld are clearly protected by the attorney-client privilege, this court will not require plaintiff to expend the time and effort to produce a privilege log. Thus, the motion as to Request No. 17 is denied.

## ORDER

Defendants' Motion to Compel Discovery (docket #15) is GRANTED in part and DENIED in part.

DATED this 14th day of August, 2009.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

6 - OPINION AND ORDER